*This opinion is subject to revision before final publication in the Pacific Reporter*

**2026 UT 28**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

GEORGE ADAMS,
*Petitioner,*

*v.*

SALT LAKE CITY, SALT LAKE CITY JUSTICE COURT, and
THE HONORABLE JEANNE ROBISON,
*Respondents.*

No. 20241284
Heard February 27, 2026
Filed July 30, 2026

On Petition for Extraordinary Relief

Salt Lake City Justice Court, Salt Lake County
The Honorable Jeanne Robison
No. 231406903

Attorneys*:

Jordan Conrad, Hannah Sakalla, Salt Lake City, for petitioner

Scott A. Fisher, Salt Lake City, for respondent Salt Lake City

ASSOCIATE CHIEF JUSTICE POHLMAN authored the opinion of the
Court, in which JUSTICE PETERSEN, JUSTICE NIELSEN,
JUSTICE JORGENSEN, JUDGE ORME, JUDGE OLIVER, and
JUDGE CHIARA joined.

---

* Additional attorneys: Katherine R. Nichols, Salt Lake City, for respondents Salt Lake City Justice Court and the Honorable Jeanne Robison. Derek E. Brown, Att'y Gen., David A. Simpson, Deputy Solic. Gen., Lindsey L. Wheeler, Terry M. Crist III, Asst. Solics. Gen., Salt Lake City, for *amicus curiae* Utah Attorney General in support of respondent Salt Lake City.

Having recused himself, CHIEF JUSTICE DURRANT did not participate herein; DISTRICT COURT JUDGE SAMUEL P. CHIARA sat.

COURT OF APPEALS JUDGES GREGORY K. ORME and AMY J. OLIVER sat as the sixth and seventh members of the Court.**

JUSTICE HAGEN stepped down from the Court before this case was decided. JUSTICE JORGENSEN, having reviewed the briefs and listened to a recording of the oral argument, substituted for JUSTICE HAGEN and participated fully in this decision.

JUSTICE DENT became a member of the Court after oral argument in this matter and did not participate.

_____

ASSOCIATE CHIEF JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1    George Adams allegedly crashed his vehicle into two other vehicles while intoxicated. As a result, Salt Lake City issued and filed a citation against Adams in the Salt Lake City Justice Court. He was charged with, among other things, driving under the influence (DUI), a class B misdemeanor. Several months later, Adams attempted to plead guilty to the charges against him. The City, however, refused to consent. The justice court declined to accept Adams' plea, citing Utah Code section 41-6a-513 (prosecutorial consent law),[1] which states that the entry of a guilty plea to a DUI charge is invalid unless the prosecutor agrees to the plea.

¶2    Adams then moved the justice court to strike down the prosecutorial consent law as violating the Utah Constitution's separation of powers clause and his due process rights. The court rejected Adams' challenges and, at the City's request, dismissed the charges without prejudice. Because Adams wasn't convicted or sentenced, he couldn't directly appeal the justice court's decision. Meanwhile, the Salt Lake County District Attorney's Office (DA) refiled charges against Adams in district court, enhancing the DUI

_____

** As of January 31, 2026, "The Supreme Court consists of seven justices." UTAH CODE § 78A-3-101(1).

[1] For purposes of this opinion, we adopt the parties' label of "prosecutorial consent law" to refer to Utah Code section 41-6a-513.

charge to negligently operating a vehicle resulting in injury, a third-degree felony.

¶3    Adams now petitions for extraordinary relief. He asks that we vacate the justice court's decision rejecting his constitutional challenges and allow him to return to the justice court to plead guilty to the original charges. Although we decide that Adams properly invokes Utah Rule of Appellate Procedure 19 relative to his challenge based on the Utah Constitution's separation of powers clause, we decline to reach the merits of that claim and deny his petition. Adams hasn't persuaded us to exercise our discretion here because he hasn't shown that, even if we were to agree with his constitutional argument, he is likely to avoid prosecution in the district court on the third-degree felony. Further, we reject Adams' due process claim because he hasn't addressed the basis for the justice court's decision and thus hasn't shown grounds for relief under Utah Rule of Civil Procedure 65B.

## BACKGROUND[2]

¶4    Adams allegedly caused a car crash with two other vehicles by running a red light while intoxicated. After conducting a field sobriety test, Salt Lake City issued a citation to Adams. A few weeks later, Adams was charged in the Salt Lake City Justice Court with the following: (1) failure to yield the right of way at an intersection (infraction), (2) open container/drinking alcohol in a vehicle (class C misdemeanor), and (3) driving under the influence (class B misdemeanor). While the matter was pending, the police received additional information regarding the injuries suffered by one of the individuals involved in the crash.

¶5    About four months after the proceedings began, Adams appeared before the justice court and sought to plead guilty to the charges against him. When Adams attempted to enter the plea, the City refused to consent, citing the prosecutorial consent law. That law renders any "entry of a plea of guilty or no contest" to a DUI charge "invalid unless the prosecutor agrees to the plea." UTAH

---

[2] In reciting the factual background relevant to Adams' petition, we emphasize that Adams retains a presumption of innocence and that "these allegations remain allegations." *State v. Biel*, 2021 UT 8, ¶ 3 n.1, 484 P.3d 1172; *see also* UTAH CODE § 76-1-501(1) ("A defendant in a criminal proceeding is presumed to be innocent until each element of the offense charged against him is proved beyond a reasonable doubt.").

CODE § 41-6a-513(1). Without the City's consent, the justice court declined to accept Adams' guilty plea.

¶6     A few days later, Adams moved the justice court to declare the prosecutorial consent law unconstitutional and to accept his guilty plea on the pending charges. He argued that the prosecutorial consent law violates Utah's separation of powers clause and the Utah and federal constitutional guarantees of due process.

¶7     While the motion was pending, the DA filed an information in district court that included the enhanced charge of negligently operating a vehicle resulting in injury (a third-degree felony). The City then moved to dismiss its case in the justice court without prejudice so that the DA could prosecute Adams in district court. Adams objected to the City's motion and asked the justice court to review his pending motion challenging the constitutionality of the prosecutorial consent law.

¶8     The justice court denied Adams' motion. It concluded that the prosecutorial consent law does not violate Utah's separation of powers clause and that Adams inadequately briefed his due process challenge. It therefore rejected Adams' motion to accept his guilty plea and granted the City's motion to dismiss the justice court case without prejudice.

¶9     Adams petitions for extraordinary relief under Utah Rule of Appellate Procedure 19 and Utah Rule of Civil Procedure 65B. He contends that the justice court abused its discretion by committing legal error in rejecting his constitutional challenges, and he asks that we vacate the justice court's decision rejecting his plea due to the absence of prosecutorial consent so that he can return to the justice court to plead guilty.

## ANALYSIS

¶10   Adams invokes our constitutional writ authority by filing a petition for extraordinary relief under rule 19 of the Utah Rules of Appellate Procedure. Rule 19 allows a person to petition for relief on the grounds set forth in rule 65B of the Utah Rules of Civil Procedure "[w]hen no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a); *see also* UTAH R. CIV. P. 65B(a) (identifying the grounds on which a person may petition a court for extraordinary relief). Adams contends that he cannot directly appeal the justice court's decision rejecting his constitutional

challenges to the prosecutorial consent law, and therefore he seeks review of that decision through rule 19.

¶11 First, we conclude that given the relief Adams seeks, he properly invokes rule 19 to seek review of the justice court's decision relative to his separation of powers argument. But we reject Adams' request for relief without resolving the merits of that constitutional challenge. Because of the nature of the challenge and the unlikelihood that his circumstances would change if we were to grant the relief he requests, we deny the petition. Second, we reject Adams' challenge based on alleged due process violations because Adams has not shown that the justice court abused its discretion in rejecting his argument as inadequately briefed.

I. TO SECURE RELIEF UNDER RULE 19, A PETITIONER MUST CLEAR THREE HURDLES

¶12 "Extraordinary relief under rule 19 is, as its name suggests, difficult to obtain." *League of Women Voters of Utah v. Utah State Legislature*, 2025 UT 39, ¶ 15, 579 P.3d 287 (per curiam) (cleaned up). To secure relief under the rule, a petitioner "must clear three hurdles." *Id.* ¶ 17.

¶13 First, a petitioner must show that "no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a); *see also League of Women Voters*, 2025 UT 39, ¶ 17. That is because a petition for extraordinary relief is not a means to "bypass[] traditional avenues for judicial relief" or to "substitut[e] the extraordinary writ process for what should have been ordinary litigation." *Cox v. Laycock*, 2015 UT 20, ¶ 47, 345 P.3d 689 (cleaned up). It is available only when "the ordinary judicial process did not provide [the petitioner] with a plain, speedy, and adequate remedy." *Gilbert v. Maughan*, 2016 UT 31, ¶ 21, 379 P.3d 1263.

¶14 Second, a petitioner must demonstrate that there are grounds for granting the relief requested. UTAH R. APP. P. 19(a), (e); *see also League of Women Voters*, 2025 UT 39, ¶ 17. This ordinarily requires demonstrating one or more of the grounds for relief identified in rule 65B of the Utah Rules of Civil Procedure. *See State v. Barrett*, 2005 UT 88, ¶ 8, 127 P.3d 682 (explaining that rule 65B "designates the types of situations in which extraordinary relief may be attainable"). Specifically, a petitioner ordinarily must show (1) a wrongful restraint on personal liberty, (2) a wrongful use of or failure to exercise public authority, or (3) a wrongful use of judicial authority or a failure to comply with a legal duty. *See* UTAH R. CIV. P. 65B(a)–(d). Or, if a petitioner cannot show that the relief it seeks

is of the type identified in rule 65B, it must engage with Utah's constitution and demonstrate that "the writ authority enshrined in our constitution would permit such relief." *Erda Cmty. Ass'n v. Baugh*, 2025 UT 56, ¶ 39, 582 P.3d 810.

¶15 Third, even after clearing the first two hurdles, a petitioner must persuade us to grant the extraordinary relief it seeks. *League of Women Voters*, 2025 UT 39, ¶ 17. "Unlike parties pursuing direct appeals," a petitioner seeking relief under rule 19 "has no right to receive a remedy that corrects the lower court's mishandling of the particular case." *State v. Boyden*, 2019 UT 11, ¶ 15, 441 P.3d 737 (cleaned up). In other words, a petitioner "becomes eligible for, but not entitled to, extraordinary relief." *Barrett*, 2005 UT 88, ¶ 24. We ultimately "retain broad discretion whether to grant or deny the requested relief," *League of Women Voters*, 2025 UT 39, ¶ 15 (cleaned up), and in exercising that discretion, we may consider a host of factors, including "the egregiousness of the alleged error, the significance of the legal issue presented by the petition, [and] the severity of the consequences occasioned by the alleged error," *Barrett*, 2005 UT 88, ¶ 24; *see also Gilbert*, 2016 UT 31, ¶¶ 16, 18 (explaining that no factors are controlling and that we may weigh any consideration that "bear[s] on the availability of extraordinary relief").

¶16 Because all three hurdles must be cleared before we will grant extraordinary relief, we may approach the three steps in any order. *See, e.g.*, *Gilbert*, 2016 UT 31, ¶ 18 & n.7 (assuming without deciding that a rule 19 petition could establish grounds for relief while denying relief because the petitioner failed to persuade us to exercise our discretion to grant extraordinary relief).

## II. WE DECLINE TO EXERCISE OUR DISCRETION TO GRANT ADAMS EXTRAORDINARY RELIEF

### A. *Adams Properly Invokes Rule 19 in Challenging the Justice Court's Separation of Powers Decision, but He Hasn't Persuaded Us to Exercise Our Discretion to Grant Him Extraordinary Relief*

¶17 Adams first challenges the justice court's rejection of his claim that the prosecutorial consent law violates the Utah Constitution's separation of powers clause. He contends that relief under rule 19 is warranted because the law provides him no avenue to directly appeal the justice court's decision, so he has "no other plain, speedy, or adequate remedy." (Citing UTAH R. APP. P. 19(a).) And as to the merits, he contends that the prosecutorial consent law

6

allows the executive branch to unconstitutionally encroach on the powers of the judiciary. We agree that Adams properly invokes rule 19, but because Adams has not persuaded us that extraordinary relief is warranted, we reject his petition without addressing the merits of his claim.

¶18   To begin, we agree with Adams that the only means by which he could obtain the remedy he seeks for the justice court's alleged legal error was through a petition for extraordinary relief. Appeals by criminal defendants from justice court take the form of trials or hearings de novo in district court, and they are available only after a defendant has been convicted and sentenced or has entered a plea in abeyance. *See* UTAH CODE § 78A-7-118(2), (5)(a), (6)(a). Here, Adams was neither convicted and sentenced, nor did he enter a plea in abeyance. Instead, the justice court rejected his constitutional challenge and dismissed the case against him. Accordingly, Adams had no right to appeal what he claims was a legal error relative to his separation of powers challenge and to obtain the relief he requests — that is, a return to the justice court so that he can plead guilty to his original charges. Thus, Adams has no other plain, speedy, or adequate remedy outside of a petition for extraordinary relief.[3]

¶19   Having concluded that Adams properly invokes rule 19, we turn to the next two hurdles he must clear to receive extraordinary relief. The second hurdle requires Adams to show grounds for relief under rule 65B of the Utah Rules of Civil Procedure, and the third hurdle requires Adams to persuade us that the circumstances are sufficiently extraordinary to warrant the exercise of our discretion. *See supra* ¶¶ 14–15. We ultimately deny the petition without addressing whether Adams has cleared the second hurdle on his separation of powers challenge because he

---

[3] The City argues that Adams had other remedial options available to him, but its arguments seem to apply more to Adams' due process challenges rather than his separation of powers argument. For example, the City suggests that Adams could have asked the justice court for a trial setting, invoked his right to a speedy trial in that court, or moved the district court under Utah Rule of Criminal Procedure 25 for a dismissal. But we fail to see how any of these possibilities would have remedied the justice court's alleged error in rejecting Adams' separation of powers challenge and in not entertaining his guilty plea.

hasn't persuaded us to exercise our discretion to grant him the relief he seeks.

¶20 Adams hasn't advanced any arguments to persuade us that extraordinary relief is warranted here. As we have explained, clearing the first two hurdles of rule 19 makes a petitioner *eligible* for extraordinary relief. *State v. Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682; *supra* ¶ 15. But that eligibility does not *entitle* a petitioner to that relief. *Barrett*, 2005 UT 88, ¶ 24. Of particular concern here, Adams has not shown that our addressing the separation of powers challenge and vacating the justice court's decision would provide him with any meaningful relief. *See Gilbert v. Maughan*, 2016 UT 31, ¶¶ 16, 18, 379 P.3d 1263 (explaining that no factors are controlling and that we may weigh any consideration that "bear[s] on the availability of extraordinary relief"); *Barrett*, 2005 UT 88, ¶ 24 (identifying the severity of the consequences resulting from the alleged error as a factor relevant to the granting of extraordinary relief).

¶21 We hesitate to grant relief for two reasons. First, even if we were to vacate the justice court's decision and rule the prosecutorial consent law unconstitutional, Adams has not shown that vacatur would remedy his objection to the City's prosecution of an enhanced charge against him in district court. After all, charges are currently pending in that court. Where Adams has sought no relief relative to those charges, it is not clear that our vacating the justice court's decision would necessarily result in a dismissal of the district court case.

¶22 Second, even if we were to presume that the district court would dismiss the charges before it, Adams has given us no reason to believe that the justice court, if given the opportunity, would accept his guilty plea to a class B misdemeanor. Utah Rule of Criminal Procedure 11(e) affords the justice court the discretion to "refuse to accept a plea of guilty." And, as the circumstances stand—where the DA has alleged a basis for an enhanced charge against Adams due to injuries sustained by an alleged victim of the crash—we doubt that the justice court would accept Adams' guilty plea to the misdemeanor charge. Indeed, Adams even conceded at oral argument that there was a "substantial possibility" that the justice court would ultimately deny his request to enter a guilty plea if we granted his requested relief.

¶23 Our hesitancy to grant extraordinary relief under these circumstances is further heightened by the fact that Adams'

separation of powers argument is far from obvious, and principles of constitutional avoidance counsel against reaching a constitutional question where its resolution is unlikely to benefit Adams. We have recognized, as "a fundamental rule," that "we should avoid addressing a constitutional issue unless required to do so." *State v. Wood*, 648 P.2d 71, 82 (Utah 1982). While we will not shy away from addressing a constitutional question when necessary, we see no compelling reason to engage in a constitutional analysis where we've been given no reason to believe that the petitioner would benefit from that decision.

¶24 For all of these reasons, we deny Adams' petition for extraordinary relief on his separation of powers challenge.

*B. Adams Is Not Eligible for Extraordinary Relief on His Due Process Challenge Because He Has Not Shown that the Justice Court Abused Its Discretion by Rejecting the Challenge as Inadequately Briefed*

¶25 Adams also brought in the justice court an as-applied challenge under the due process clauses of the Utah Constitution and United States Constitution. *See* UTAH CONST. art. I, § 7; U.S. CONST. amend. XIV, § 1. Although Adams ties this challenge to the prosecutorial consent law, the gravamen of his complaint is tied to the time he allegedly had to spend under pretrial supervision while the DA reviewed his case for an enhanced charge. We reject this challenge because, at the very least, Adams has not cleared the second hurdle necessary to secure extraordinary relief under rule 19—that is, he has not shown grounds for relief under Utah Rule of Civil Procedure 65B. *See League of Women Voters of Utah v. Utah State Legislature*, 2025 UT 39, ¶¶ 17, 33, 579 P.3d 287 (per curiam); *supra* ¶ 14.

¶26 Rule 65B identifies a court's abuse of discretion as one of the grounds available for extraordinary relief. UTAH R. CIV. P. 65B(d)(2)(A). And we have said that "a mistake of law may constitute an abuse of discretion" under rule 65B. *Cox v. Laycock*, 2015 UT 20, ¶ 17, 345 P.3d 689 (cleaned up). Adams briefs the legal merits of his due process challenge as part of his petition but, in doing so, he overlooks that the justice court did not reject his due process challenge on its merits. Instead, the court rejected his argument as inadequately briefed. Because Adams asks us to overturn the justice court's ruling without addressing the ruling's rationale, Adams' due process challenge fails, and we dismiss his petition insofar as it is premised on that basis. *See League of Women*

*Voters*, 2025 UT 39, ¶¶ 32–33 (denying extraordinary relief where the petitioners did not show an abuse of discretion in the challenged decision).

## CONCLUSION

¶27 Adams petitions for extraordinary relief, requesting that we vacate the justice court's decision rejecting his constitutional challenges to Utah Code section 41-6a-513, Utah's prosecutorial consent law. Although we decide that Adams properly invokes Utah Rule of Appellate Procedure 19(a) relative to his challenge based on the Utah Constitution's separation of powers clause, we ultimately exercise our discretion to deny his petition without reaching its legal merits. We also reject Adams' due process challenge on the basis that Adams has not shown grounds for relief under Utah Rule of Civil Procedure 65B because he hasn't addressed the rationale for the justice court's decision. For these reasons, Adams' petition for extraordinary relief is denied.

---